IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>REED MACHINERY & TRANSPORTATION COMPANY, INC., )<br><br>Defendant. ) | Case No. 08 C 1054<br><br>Judge Gottschall<br><br>Magistrate Judge Schenkier |

**SWORN DECLARATION PURSUANT TO 28 U.S.C.A. § 1746**

Robert Lid declares as follows:

1.   I am employed as the Contracts Coordinator at the Chicago Regional Council of Carpenters and in such capacity I am authorized to make this Declaration on behalf of the Trust Funds. A portion of my duties include the monitoring of signatory accounts to ensure that the company posts the required bond pursuant to the Collective Bargaining Agreement.

2.   I have reviewed the account for the Defendant, REED MACHINERY & TRANSPORTATION COMPANY, INC. The Defendant executed an Agreement with the Chicago Regional Council of Carpenters, successor to the Chicago and Northeast Illinois Regional Council of Carpenters whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement and to all Collective Bargaining Agreements subsequently negotiated.

3.   Pursuant to the provisions of the Agreement and the Collective Bargaining Agreements, the Defendant agreed to be bound by the provisions of the Agreements and

Declarations of Trust, which created the Plaintiffs' Trust Funds.

4. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, signatory employers are required to post either a cash bond or surety bond to secure the payment of ERISA contributions to the Trust Funds. The amount of the bond is determined in accordance with Article XV of the Collective Bargaining Agreement. Pursuant to Article XV, the Defendant is required to post a cash bond in the amount of $10,000.00. (Exhibit A)

5. Despite numerous requests to do so, the Defendant has failed and refuses to post the requisite bond in the amount of $10,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Declaration is true and correct.

Signature: _____
Robert Lid

Date:    May 1st, 2008



# CHICAGO REGIONAL COUNCIL OF CARPENTERS

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

## COMMERCIAL AREA AGREEMENT
### COOK, LAKE AND DUPAGE COUNTIES, IN ILLINOIS

2005 - 2008

CONSTRUCTION DIVISION

**OFFICES**
12 East Erie Street
Chicago, Illinois 60611
Telephone (312) 787-3076

A

Fund Office, the EMPLOYER shall pay in addition to the amount due, reasonable fees of Certified Public Accountants as expressly used to establish the amount due, reasonable fees of Attorney in effectuating payment, and liquidated damages in an amount as determined in accordance with the Agreement and Declaration of Trust.

14.9 The EMPLOYER shall make contributions on behalf of each of its Employees employed by EMPLOYER in a management or supervisory position who is also engaged in work of a character falling within the jurisdiction covered by this Collective Bargaining Agreement in an amount of no less than one hundred and sixty (160) hours per month. Each such EMPLOYER shall execute a Participation Agreement with the Trustees of the Chicago Regional Council of Carpenters Apprenticeship and Training Program, upon the request of such Trustees, for such greater or lesser amounts of hours as the Trustees may deem appropriate.

14.10 The contributions referred to in this article shall be paid with respect to all hours worked by an Employee covered by this Agreement irrespective of the geographical area where work is performed or the geographical jurisdiction of the UNION, provided that EMPLOYER shall not be required to pay contributions to the Chicago Regional Council of Carpenters Apprenticeship and Training Program for hours worked outside the geographical jurisdiction of the UNION if EMPLOYER is required to pay contributions to another multi-employer Apprenticeship Trainee Fund based on such hours.

14.11 The collection of amounts due under this Article shall not be subject to the Settlement of Disputes procedures established in Article XVIII.

### ARTICLE XV
### BONDING

15.1 Each EMPLOYER signatory to this Agreement agrees at the time of execution of this Agreement the EMPLOYER shall have procured a cash bond or Surety Bond in the Principal sum as indicated below. Such Bond shall be written by an insur-

24

ance carrier authorized, licensed, or permitted to do business in the State of Illinois. The surety bond and/or cash bond shall be payable to the UNION as Trustee for the benefit of Employees employed by the EMPLOYER and for those acting on the Employees' behalf to insure prompt payment of wages and contributions to the Health and Welfare, Pension and Apprentice Training Funds. Such surety bond and/or cash bond shall be executed only on a uniform bond form furnished by the UNION and must be filed with the UNION. Unless otherwise increased by the President of the UNION, the principal amount of the bond shall be:

| | |
|---|---|
| One (1) to Five (5) Employees | $10,000 |
| Six (6) to Ten (10) Employees | $15,000 |
| Eleven (11) to Fifteen (15) Employees | $20,000 |
| For those Employees in excess of Fifteen (15) | $50,000 |

The Association may furnish a blanket bond for all of its members, each of which is to be bonded for the sum of $50,000. The UNION may withdraw bargaining unit Employees from EMPLOYERS who fail to maintain the bond required by this Article.

15.2 The EMPLOYER assigns all right, title and interest in the Surety bond and/or cash bond to the UNION and Fringe Benefit Trust Funds, which shall have a priority interest to such Funds, and supersede the claims of all EMPLOYER'S creditors.

15.3 This Article shall not be subject to the Settlement of Disputes provisions contained in Article XVIII.

### ARTICLE XVI
### TOOLS

16.1 Each Employee is required to furnish, for his individual use only, all of those tools customarily required of a Carpenter to perform his duties. Employee shall not own, transport, furnish or rent any power operated tools, machinery, or equipment, to be used on any work to be performed by his EMPLOYER.

25